## DOCKHAM *vs.* PARKER & *al.*

| | |
|---|---|
| 9 | 137 |
| 95 | 539 |
| 95 | 540 |

Where a farm was rented for a year, for two tons of hay and certain other produce, to be delivered from the farm to the landlord; it was held that he was not entitled to take the hay, till it was either delivered to him by the tenant, or severed and set apart for his use.

The tenant in that case having died before the hay was cut, and his widow and administratrix having completed the business of the farm for that season, it was held that the produce belonged to the husband's estate, if there was no new contract between the widow and the landlord.

THIS was an action of trespass brought by *Abigail Dockham,* for taking three tons of hay; and it came up by exceptions taken by the defendants, to the opinion of *Whitman C. J.* before whom it was tried in the court below.

It appeared that the defendants, in *May,* 1831, made a parol lease of their farm to the plaintiff's husband for one year, he agreeing to deliver to them from the farm, two tons of English hay, and a quantity of potatos, for the rent. The witness present at the

18

making of the contract understood, though it was not expressly said, that the defendants were to hold all the produce of the farm as security, unless the tenant obtained good personal security for the payment.    Soon afterwards, and before the hay was cut, the husband died ; and the plaintiff continued to occupy the farm, and cut the hay.    About haying time one *Lord* inquired of the defendant, *Parker*, if he could safely cut some of the salt hay on the farm, under the plaintiff; to which *Parker* replied that he might, for the defendants had leased the place to Mr. *Dockham*, and expected to receive their pay.    The defendants proved that when the estate of her husband was appraised, the plaintiff, as administratrix, showed the appraisers about six tons of hay in the barn, as part of the assets, of which the hay now in controversy was a part ; but the appraisers took no account of it, telling her it belonged half to her and half to the defendants.    She, however, claimed the whole as belonging to her husband's estate.    The taking of the hay by the defendants was also proved, as alleged in the writ.

Upon this evidence the Chief Justice left it to the jury to say whether the plaintiff, after the decease of her husband, remained on the farm by the consent of the defendants, and as their tenant at will ; and if they should so find, he instructed them that she was not bound by the contract with her husband, but was the legal owner of all the produce which she might gather from the farm, before the termination of such tenancy at will ; and that in such case the defendants had no right to take away any part of the produce, without her consent.    Under these instructions they found for the plaintiff.

*Stevens,* for the plaintiff, and *Kelley,* for the defendants, submitted the cause without argument.

WESTON J. delivered the opinion of the Court.

The two tons of hay, which the defendants were to receive of the husband of the plaintiff, for the rent of the place upon which it was cut, not being severed and set apart for the defendants, or delivered to them, rested in contract between the parties, and the hay cut be-

Dockham *v.* Parker & al.

longed to the estate, if there was no new contract between the plaintiff and the defendants, after the decease of the husband. *Bennett v. Platt*, 9 *Pick.* 558. The witness to the first bargain, received an impression, although no such thing was expressly said, that the defendants were to have a lien upon the whole produce of the farm, until their rent was paid ; or they were furnished with other personal security. The jury have not settled the fact, whether the parties did so agree. But the defendants might waive their lien, and from what *Parker*, one of them, said to a witness, who inquired to know whether he could safely cut hay under the plaintiff, there is reason to believe that they waived, or did not insist upon their lien, if they were ever entitled to any, under the original contract. Or if the jury were satisfied, under the instructions of the Chief Justice of the Common Pleas, that the defendants recognized the plaintiff as their tenant at will, before the hay was cut, after it was cut, it would be her property ; and the jury therefore were correctly instructed as to her right, if they should so find the fact. The testimony to warrant this finding, may not be entirely satisfactory ; but upon the fact assumed, the law was properly given to the jury. *Judgment affirmed.*